| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DANIEL THOMASON SMITH, §
　　　　　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:18-CV-615
　　　　　　　　　　　　　　　§
UNITED STATES OF AMERICA, *et al.*, §
　　　　　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM ORDER PARTIALLY ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Daniel Thomason Smith, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to the Federal Tort Claims Act (FTCA), against the United States of America, President Donald Trump, Vice President Mike Pence, all United States Senators, Former Acting Attorney General Matthew Whitaker, Secretary of State Mike Pompeo, the Texas Secretary of State, the Department of Health and Human Services, the Director of the Bureau of Prisons, Acting Warden Dallas B. Jones, and Correct Care Solutions/Medical League Concepts.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. Because the United States of America is the only proper defendant in an FTCA action, the magistrate judge recommended dismissing the claims against the other defendants for want of jurisdiction.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

In his objections, plaintiff alleges violations of his constitutional rights. Constitutional claims are not cognizable under the Federal Tort Claims Act. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). However, a victim who has suffered a constitutional violation by a federal actor may recover damages in federal court. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Therefore, to the extent plaintiff raises constitutional claims in his objections, the court liberally construes the objections as an amended complaint raising *Bivens* claims against the individual defendants.

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In a civil rights case, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable only if he is personally involved in the constitutional deprivation or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-4 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is

a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304.

Plaintiff alleges that defendant Jones, the acting prison warden, was aware of plaintiff's complaints regarding black mold and the prison mail system and failed to take corrective action. Therefore, plaintiff should be allowed to proceed with his *Bivens* claim against defendant Jones. Plaintiff does not allege the remaining defendants were personally responsible for black mold at the prison or the delay in processing mail. The defendants cannot be held liable under a respondeat superior theory, and plaintiff does not allege that his constitutional rights were violated as a result of a constitutionally defective policy implemented by the defendants. Therefore, the *Bivens* claims against President Donald Trump, Vice President Mike Pence, United States Senators, Former Acting Attorney General Matthew Whitaker, Secretary of State Mike Pompeo, the Secretary of State of Texas, the Department of Health and Human Services, the Director of the Bureau of Prisons, and Correct Care Solutions/Medical League Concepts should be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

## ORDER

Accordingly, plaintiff's objections (#8) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#7) is **PARTIALLY ADOPTED** to the extent that President Donald Trump, Vice President Mike Pence, United States Senators, Former Acting Attorney General Matthew Whitaker, Secretary of

State Mike Pompeo, the Secretary of State of Texas, the Department of Health and Human Services, the Director of the Bureau of Prisons, and Correct Care Solutions/Medical League Concepts are **DISMISSED** from this action.

SIGNED at Beaumont, Texas, this 17th day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE
